PEOPLE ex rel. ANDREW L. ROBERTS AND VALEN-
TINE GLEASON v. PETER BOWE, Sheriff, etc.

*Arrest of a defendant under an order of arrest and also under an execution issued on the judgment — effect on the order of arrest of a reversal, on appeal, of the judgment.*

In an action on contract, the defendant was arrested under an order of arrest, granted upon grounds extrinsic to the causes of action, and confined in the county jail. Subsequently he was taken and held by the sheriff under an execution against his person, issued upon a judgment entered in the action in favor of the plaintiff, which judgment was affirmed by the General Term but was reversed by the Court of Appeals, by which latter court a new trial was granted because of errors committed on the trial.

*Held,* that the reversal of the judgment by the Court of Appeals only operated to restore the parties to the same position in which they were before any trial had been had, and did not supersede the order of arrest, or authorize the discharge of the defendant from confinement.

Habeas corpus issued by the presiding justice of the General Term to inquire into the detention of the relators.

November 1, 1873, the New York Guaranty and Indemnity Company of the city of New York commenced an action against the relators, in the New York Superior Court, to recover money alleged to be due and owing from them to the plaintiff. June 5, 1875, the relators were arrested by virtue of an order of arrest, granted in the said action upon grounds extrinsic to the cause of action, and were imprisoned in jail thereunder until the 15th day of December, 1877.

In December, 1875, the action was tried and a verdict rendered for the plaintiff in which a judgment for $91,015.35 was duly entered on January 6, 1876.

On December 15, 1877, the plaintiff issued an execution upon the said judgment against the person of the relators, under which they were and still are imprisoned by the sheriff. Subsequently the said judgment was affirmed on appeal by the General Term of the Superior Court, but was reversed by the Court of Appeals, and a new trial was granted because of errors committed on the trial.

The judgment of the Court of Appeals having been made the

judgment of the Superior Court, this application was made to procure the release of the relators from imprisonment.

*William Sutphen*, for the relators.

*Knox & McLean*, for the sheriff.

*Per Curiam :*

We are of opinion that the decision of the Court of Appeals, reversing the judgment of the Superior Court and ordering a new trial for errors occurring in the course of the trial, has no other legal effect than to restore the parties to the same position in which they stood before any trial in the action was had.    The judgment and the execution founded thereon having by the decision of the Court of Appeals been held for naught there is no good reason for allowing that decision to operate further than above indicated.

If the order of arrest may be said to have been superseded by the execution against the persons of the defendants, issued upon the judgment since vacated, it cannot in reason be claimed that such supersedure continues any longer than the judgment and execution are operative.    When they ceased to have any effect the order resumed its former vigor, and it was the duty of the sheriff to continue to hold the relators by virtue of such order.

The writ must be dismissed and the relators remanded to the custody of the sheriff.

Present — Davis, P. J., Brady and Barrett, JJ.

Writ dismissed, relators remanded to the custody of the sheriff.